JOHN KANE v. ARNESON MERCANTILE COMPANY.[1]

April 28, 1905.

No. 14,294—(60).

**Justice of the Peace.**

Action to set aside a judgment upon the ground that the summons was issued by one not a justice of the peace de jure or de facto.

**Term of Office.**

The city of East Grand Forks was incorporated by chapter 45, p. 602, Sp. Laws 1887, which act established annual elections to be held the first Tuesday in April; provided for the election of two justices of the peace for the term of two years; such officers to qualify by filing the proper oath within ten days from date of notice of election; the notice to be given within three days from the date of the return of the election board. In 1895 the city was reorganized under the provisions of chapter 8, p. 16, Laws 1895. *Held*:

1. The office of justice of the peace provided by the act of 1887 was not abolished by the act of 1895, but such office was recognized and continued, and the qualification of the justices and the commencement of their term of office are regulated by the latter act.

2. The term of office of the justices elected at the general city election in November, 1901, for the ensuing two years, began the first Tuesday after the first Monday in January, 1902, and expired upon the qualification of their successors, who were elected at the general election in 1903.

3. The complaint is defective, in that it does not sufficiently declare that the justice issuing the summons had not been elected at the general election preceding, and had not duly qualified.

[1] Reported in 103 N. W. 218.

Appeal by defendant from an order of the district court for Polk county, Watts, J., overruling a demurrer to the complaint. Reversed.

*Bronson & Collins*, for appellant.

*F. C. Massee* and *G. A. E. Finlayson*, for respondent.

LEWIS, J.

This action was commenced to set aside a judgment recovered against plaintiff by defendant company in the justice court of East Grand Forks, upon the ground that the judgment was void for the reason that the summons in the action was issued by a party not in fact or in law a justice of the peace.

The city of East Grand Forks was originally incorporated by chapter 45, p. 602, Sp. Laws 1887, and under chapter 2 thereof it was provided that the annual election should be held the first Tuesday in April in each year, and that notice of election should be given to each party elected within three days from the return to the city recorder by the inspectors of election, and that each person so elected should, before entering upon the duties of his office, take and subscribe an oath, and file the same with the recorder, within ten days from receipt of notice, or the office would be deemed vacant. The city was reorganized under the provisions of chapter 8, p. 16, Laws 1895. Section 42 of that act provides that the regular city election shall be held on the first Tuesday after the first Monday in November of each odd-numbered year; and section 44, that unless otherwise provided the terms of office of each elective officer shall commence on the first Tuesday after the first Monday in January next succeeding his election.

Section 41 reads in part as follows:

> In all cities wherein there are any justices of the peace, judges of the municipal court, or other city officers, except school officers not provided for by this act, who are elected by the people, such officers shall be elected at the city election held under this act but shall qualify at the time and hold such offices for terms provided by the laws under which such offices exist.

The complaint sets forth that January 28, 1904, the defendant company caused a summons to be issued in a civil action by one Daniel

Ryan, as justice of the peace, for the recovery of money against plaintiff; that such summons was served on plaintiff, and upon the return day, February 5, 1904, he appeared and caused the action to be transferred from Ryan to George K. Chambers, another justice of the peace; that thereafter such proceedings were taken in the action before Chambers that February 13, 1904, judgment was rendered by default in favor of defendant herein and against plaintiff for $81.35; that at the general November, 1901, election, C. A. Brown and George K. Chambers were duly elected as the two justices of the peace for such election district for the next ensuing term of two years, and that during the time mentioned (January, 1904) they were the duly elected, qualified, and acting justices of the peace, and that their terms did not expire until April, 1904, as provided by chapter 45, p. 602, Sp. Laws 1887; that Daniel Ryan, the person who issued the summons, has usurped, and ever since January 6, 1904, has continued to fill and exercise, the powers and functions of a justice of the peace elected from the district, and issued the summons referred to without any authority; that he had failed to file a certificate of election with the clerk of the district court prior to February 27, 1904, and that his official bond had not been approved by the city council prior to February 25, 1904.

Defendant demurred to the complaint upon the ground that it appears from the face thereof that the court had no jurisdiction of the subject-matter, and that it does not state facts sufficient to constitute a cause of action. The demurrer having been overruled, defendant appealed.

The provision quoted from the last part of section 41, c. 8, p. 29, Laws 1895, was evidently intended to preserve intact the law as to qualification and terms of office, when those matters were regulated by the law which created the office of justice of the peace; and the question is whether the Special Laws of 1887, under which the city of East Grand Forks was originally organized, and which created the office of justice of the peace, contains provisions regulating the qualification and commencement of the term of office, independent of the election therein provided. That act does not establish the date of qualification of a justice of the peace, nor the date of the commencement of his term, except that he must qualify within ten days after re-

ceiving notice of his election. But the law of 1895, under which the city was reorganized, does away with annual elections, provides for biennial elections, and changes the date of election from April to the first Tuesday after the first Monday in November of each odd-numbered year. After the city reorganized under the General Laws of 1895, there was no April election, no inspectors to make a return thereof, no notice to be given, and consequently no date at which or from which the term of office or qualification of the parties could be fixed. It does not follow that justices were abolished. Their term of office remained as before, two years—the constitutional term—but, the time of qualification having been wiped out by the change in the date of election, qualification of justices and time of commencement of their term of office are regulated by the act of 1895.

Referring now to the allegations of the complaint, it is specifically alleged that in November, 1901, Brown and Chambers were duly elected justices of the peace for the next ensuing term of two years. It follows, as a matter of law, that their term of office began, in accordance with section 44, c. 8, p. 30, Laws 1895, the first Tuesday after the first Monday in January, 1902, and consequently expired upon the election and qualification of their successors elected at the November election, 1903. The general allegation that Brown and Chambers ever since January 1, 1904, have had and still retain possession of the office, and all the documents and papers thereunto belonging, and refuse to deliver possession thereof, and claim to be duly elected, qualified, and acting justices of the peace, is not equivalent to an allegation that such justices were re-elected to succeed themselves in November, 1903. Neither is the allegation that

> Said C. A. Brown still holds possession of the said office, * * * and still is one of the justices elected from the said election district * * * and has not at any time since January 1, 1904, delivered over the possession thereof to any other person,

equivalent to an allegation that he was elected to succeed himself at the November, 1903, election. Although it is alleged that Ryan was a usurper, and has unlawfully exercised the functions of his office since January 6, 1904, yet it is alleged that he had prior to February

27, 1904, wholly failed to file his certificate of election and official bond. In our judgment, this is not a distinct assertion that Ryan was not elected a justice of the peace at the preceding November election, but is rather an attempt to plead facts which would show that he had not properly qualified as a justice.

If it was the intention of the pleader to set forth facts sufficient to indicate that Ryan had not qualified as a justice of the peace at the time he issued the summons, the pleading is equally defective. In that respect the complaint alleges:

> That the said Daniel Ryan had, prior to February 27, 1904, wholly failed to file his certificate of election, oath of office, and official bond, or certified copy of either or any of the same, with the clerk of the district court in and for said county, and that prior to February 25, 1904, the said official bond of the said Daniel Ryan had not been approved by the city council of the city of East Grand Forks, each and all as required by the statute in such case made and provided.

The only provision with respect to qualification under the act of 1895 is found in section 50, which requires that every person elected shall, before entering upon his office, take and subscribe an oath of office, and file it with the city clerk; and the further provision that the treasurer, clerk, comptroller, and such other officers as the city council shall require, shall severally, before entering upon their duties, execute to the city bonds in such sums and upon such conditions as the council may prescribe. There is no provision requiring the certificate of election, the oath of office, and official bond, or a certified copy thereof, to be filed with the clerk of the district court, and there is no allegation in the complaint that any bond was required of Ryan by the city council. Our conclusion is, therefore, that the complaint fails to state facts sufficient to show that Ryan was not duly elected as justice of the peace at the city election held in November, 1903, and that he had not, at the time of issuing the summons, qualified as such.

This renders it unnecessary to consider whether plaintiff conferred jurisdiction by taking a change of venue to the other justice, and whether this is an action to determine title to an office and the proper remedy.

Order reversed.